UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X
                                          :

UNITED STATES OF AMERICA               **STIPULATION AND ORDER OF**
                                          :              **VOLUNTARY DISMISSAL**
            - v. -

                                          :              13 Civ. 3028 (WHP)

ALL RIGHT, TITLE, AND INTEREST IN
THE ASSETS OF CARTAGENA
INTERNATIONAL, INC.; ETC
INVESTMENT(S) S.A.; H.A.S.
INVESTMENT GROUP S.A.; CASTILLA
HOLDINGS S.A.; and HYSEVEN S.A.;
INCLUDING BUT NOT LIMITED TO THE
FUNDS IN THE ACCOUNTS LISTED IN
SCHEDULE A;

ALL RIGHT, TITLE, AND INTEREST IN
THE FUNDS LISTED IN SCHEDULE B; and

ALL RIGHT TITLE AND INTEREST IN
THE REAL PROPERTY AND
APPURTENANCES LISTED IN
SCHEDULE C; TOGETHER WITH ALL
IMPROVEMENTS AND
APPURTENANCES THERETO,

            Defendants-*in-rem*.

------------------------------- X

        WHEREAS, on or about May 6, 2013, a verified complaint, 13 Civ. 3028 (WHP) (the "Complaint") was filed in the United States District Court for the Southern District of New York, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C), seeking the forfeiture of the Defendants-*in-rem* (Docket Entry No. 5);

        WHEREAS, on or about May 13, 2013, notice of the Complaint was sent by certified mail, return receipt requested, to the following individuals notifying them that they (or

their clients) may have an interest in this action and of their right to file a claim and answer and to contest the forfeiture of the Defendants-*in-rem* listed in the Complaint:

Tomas Alberto Clarke Bethancourt
c/o Henry P. Bell, Esq.
Henry P. Bell, P.A.
Miami, Florida

Jose Alejandro Hurtado
Miami, Florida

Jose Alejandro Hurtado
c/o Frank A. Rubino, Esq.
Miami, Florida

Maria De Los Angeles Gonzalez de Hernandez
c/o Jane W. Moscowitz, Esq.
Moscowitz & Moscowitz, P.A.
Miami, Florida

Haydee L. Pabon
Miami, Florida

(the "Noticed Parties")

WHEREAS, on or about May 21, 2013, notice of the Complaint was sent by certified mail, return receipt requested, to Jorge Hernandez in Aventura, Florida, notifying him that he may have an interest in this action and of his right to file a claim and answer and to contest the forfeiture of the Defendants-*in-rem* listed in the Complaint;

WHEREAS, on or about June 19, 2013, notice of the Complaint was sent by certified mail, return receipt requested, to Ernesto Lujan, c/o Michael Q. English, Esq., at Finn Dixon & Herling LLP, in Stamford, Connecticut, notifying his client may have an interest in this action and of his right to file a claim and answer and to contest the forfeiture of the Defendants-*in-rem* listed in the Complaint;

WHEREAS, on or about July 2, 2013, notice of the Complaint was sent by electronic communication, to the individual identified as CC-1 in the Complaint notifying CC-1 that CC-1 may have an interest in this action and of CC-1's right to file a claim and answer and to contest the forfeiture of the Defendants-*in-rem* listed in the Complaint;

WHEREAS, the Noticed Parties are the only individuals known by plaintiff United States of America to have a potential interest in the Defendants-*in-rem*;

WHEREAS, beginning on June 13, 2013, and for thirty consecutive days thereafter, pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the plaintiff United States of America posted notice of the Complaint against the Defendants-*in-rem* on www.forfeiture.gov, the government internet site, and proof of publication was filed with the Clerk of the Court on July 30, 2013 (Docket Entry No. 37);

WHEREAS, on or about July 16, 2013, Jose Alejandro Hurtado filed a Claim asserting an interest in 16171 Blatt Boulevard., Unit Number 404, Weston, Florida 33326 (the "Blatt Boulevard Property") (Docket Entry No. 25);

WHEREAS, on or about July 16, 2013, Jose Alejandro Hurtado on behalf of HAS Icon Realty, LLC filed a Claim asserting an interest in 495 Brickell Avenue, Unit Number 1706, Miami, Florida 33131 (the "Brickell Avenue Property") (Docket Entry No. 26);

WHEREAS, on or about July 16, 2013, Jose Alejandro Hurtado on behalf of SHA The Point LLC filed a Claim asserting an interest in 21205 N.E. 37th Avenue, Unit Number 1601, Aventura, Florida 33180 (the "37th Avenue Property") (Docket Entry No. 27);

WHEREAS, on or about July 16, 2013, Haydee Pabon filed a Claim asserting an interest in 848 Brickell Key Drive, Apartment Number 4405, Miami, Florida 33131 (the "Brickell Key Drive Property") (Docket Entry No. 28);

WHEREAS, on or about July 16, 2013, Jorge Hernandez Gonzalez filed a Claim asserting an interest in the assets of Cartagena International, Inc., the Cartagena Accounts listed in Schedule A of the Complaint (collectively the "Cartagena Assets") and $509,250 in assets held in Account No. 707-3860 at Bank Hapoalim (Switzerland), held in the name of Jorge Hernandez Gonzalez listed in Schedule B of the Complaint (the "3860 Account") (Docket Entry No. 29);

3

WHEREAS, on or about July 17, 2013, ETC Investments, S.A. filed a Claim asserting an interest in certain assets of ETC Investments, S.A., namely funds in Account No. 506712 at Mirabaud & Cie in Switzerland, held in the name of ETC Investment(s) S.A. (collectively, the "ETC Assets") (Docket Entry No. 31);

WHEREAS, on or about July 17, 2013, Tomas Clarke filed a Claim asserting an interest in the ETC Assets (Docket Entry No. 32);

WHEREAS, on or about August 1, 2013, Maria de los Angeles Gonzalez de Hernandez filed a Claim asserting an interest in the Cartagena Assets (Docket Entry No. 38);

WHEREAS, on or about August 1, 2013, Jorge Hernandez Gonzalez on behalf of Cartagena International, Inc. filed a Claim asserting an interest in the Cartagena Assets (Docket Entry No. 39);

WHEREAS, on or about August 5, 2013, Jorge Hernandez Gonzalez filed an Answer to the Complaint (Docket Entry No. 40);

WHEREAS, on or about August 28, 2013, Ernesto Lujan on behalf of Castilla Holdings, S.A. filed a Claim asserting an interest in the assets of Castilla Holdings, S.A. and the Castilla Account listed in Schedule A of the Complaint (collectively, the "Castilla Assets") (Docket Entry No. 50);

WHEREAS, on or about August 28, 2013, Ernesto Lujan filed a Claim asserting an interest in the Castilla Assets (Docket Entry No. 51);

WHEREAS, on or about September 11, 2013, Jose Alejandro Hurtado filed an Answer to the Complaint (Docket Entry No. 60);

WHEREAS, on or about September 11, 2013, Haydee Pabon filed an Answer to the Complaint (Docket Entry No. 61);

4

WHEREAS, on or about September 11, 2013, Jose Alejandro Hurtado on behalf of SHA The Point LLC filed an Answer to the Complaint (Docket Entry No. 62);

WHEREAS, on or about September 11, 2013, Jose Alejandro Hurtado on behalf of HAS Icon Realty LLC filed an Answer to the Complaint (Docket Entry No. 63);

WHEREAS, on or about September 13, 2013, the Court entered an Order staying this *in rem* civil action until further order of the Court, pursuant to Title 18, United States Code, Section 981(g)(1) (Docket Entry No. 68);

WHEREAS, on or about August 29, 2013, Tomas Alberto Clarke Bethancourt was charged in a six-count Information, 13 Cr. 670 (DLC), with conspiracy to violate the Foreign Corrupt Practices Act, to violate the Travel Act, and to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count One); violating the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a)(1) and Title 18, United States Code, Section 2 (Count Two); violating the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Five); and conspiracy to violate the Foreign Corrupt Practices Act, in violation of Title 18, United States Code, Section 371 (Count Six) (the "Bethancourt Criminal Action");

WHEREAS, on or about December 8, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and on or about March 16, 2016, the Court entered a Final Order of Forfeiture in the Bethancourt Criminal Action resolving any claims to the ETC Assets;

WHEREAS, on or about November 18, 2013, Maria de los Angeles Gonzalez de Hernandez was charged in a five-count Information, 13 Cr. 901 (DLC), with conspiracy to violate the Travel Act and to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count One); violating the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Counts Two and Four); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Counts Three and Five) (the "Hernandez Criminal Action");

WHEREAS, on or about January 19, 2016, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and on or about April 1, 2016, the Court entered a Final Order of Forfeiture in the Hernandez Criminal Action resolving any claims to the Cartagena Assets and the 3860 Account;

WHEREAS, on or about August 30, 2013, Jose Alejandro Hurtado was charged in a six-count Information, 13 Cr. 673 (DLC), with conspiracy to violate the Foreign Corrupt Practices Act, to violate the Travel Act, and to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count One); violating the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a)(1) and Title 18, United States Code, Section 2 (Count Two); violating the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Five); and conspiracy to violate the Foreign Corrupt Practices Act, in violation of Title 18, United States Code, Section 371 (Count Six) (the "Hurtado Criminal Action");

WHEREAS, on or about December 15, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and on or about March 21, 2016, the Court entered a Final Order of Forfeiture in the Hurtado Criminal Action resolving any claims to the Blatt Boulevard Property, the Brickell Key Drive Property, the Brickell Avenue Property and the 37th Avenue Property;

WHEREAS, on or about August 29, 2013, Ernesto Lujan was charged in a six-count Information, 13 Cr. 671 (DLC), with conspiracy to violate the Foreign Corrupt Practices Act, to violate the Travel Act, and to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count One); violation of the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a)(1) and Title 18, United States Code, Section 2 (Count Two); violation of the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Five); and conspiracy to violate the Foreign Corrupt Practices Act, in violation of Title 18, United States Code, Section 371 (Count Six) (the "Lujan Criminal Action");

WHEREAS, on or about December 7, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment and on or about February 10, 2016, the Court entered a Final Order of Forfeiture in the Lujan Criminal Action resolving any claims to the Castilla Assets; and

WHEREAS, the forfeiture of the Cartagena Assets, the 3860 Account, the ETC Assets, the Blatt Boulevard Property, the Brickell Key Drive Property, the Brickell Avenue Property, the 37th Avenue Property and the Castilla Assets (collectively, the "Subject Assets")

7

have been fully litigated in the various criminal actions described above, the Government has decided not to pursue this *in rem* civil action as to the Subject Assets and as such this *in rem* civil action should be dismissed without prejudice and without costs to either party;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey Berman, United States Attorney, Assistant United States Attorney Jason H. Cowley, of counsel, Maria de los Angeles Gonzalez de Hernandez, and her counsel, Jane W. Moscowitz, Esq. and Norman A. Moscowitz, Esq., Jorge Hernandez Gonzalez, and his counsel, Andres Rivero, Esq., Cartagena International, Inc., and their counsel, Jane W. Moscowitz, Esq. and Norman A. Moscowitz, Esq., Ernesto Lujan, and his counsel, Alfred U. Pavlis, Esq. and Michael English, Esq., Castilla Holdings, S.A., and their counsel, Alfred U. Pavlis, Esq. and Michael English, Esq., Jose Alejandro Hurtado, and his counsel, Frank A. Rubino, Esq., HAS Icon Realty, LLC, and their counsel, Frank A. Rubino, Esq., SHA The Point LLC, and their counsel, Frank A. Rubino, Esq., Haydee Pabon, and her counsel Frank A. Rubino, Esq., Tomas Alberto Clarke Bethancourt, and his counsel Henry P. Bell, Esq., ETC Investments, S.A., and their counsel, Henry P. Bell, Esq., that:

1. This *in rem* civil action as to the Subject Assets is dismissed without prejudice and without costs to either party.

2. Maria de los Angeles Gonzalez de Hernandez, Jorge Hernandez Gonzalez, Cartagena International, Inc., Ernesto Lujan, Castilla Holdings, S.A., Jose Alejandro Hurtado, HAS Icon Realty, LLC, SHA The Point LLC, Haydee Pabon, Tomas Alberto Clarke Bethancourt, and ETC Investments, S.A. (collectively, the "Claimants") are hereby barred from asserting, or assisting others in asserting, any claim against the United States of America (the "USA"), the Department of Justice (the "DOJ"), the United States Attorney's Office for the Southern District

of New York (the "USAO-SDNY"), the Federal Bureau of Investigation (the "FBI"), or any agents and employees of the USA, the DOJ, the SDNY-USAO or the FBI, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Assets, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit such property, that Claimants are a prevailing party, or that Claimants are entitled to attorneys' fees or any award of interest.

3. Claimants hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order of Voluntary Dismissal.

4. Each party shall bear its own costs and attorney's fees.

5. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order of Voluntary Dismissal.

6. This Stipulation and Order of Voluntary Dismissal may be executed in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument. Signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7. The Clerk of the Court shall forward three certified copies of this Stipulation and Order of Voluntary Dismissal to Assistant United States Attorney Jason H. Cowley, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____   9/7/2019
JASON H. COWLEY                       DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007


DANIEL KAHN
Senior Deputy Chief, Fraud Section
Criminal Division


MARIA DE LOS ANGELES GONZALEZ DE HERNANDEZ

By: _____   08/21/2019
MARIA DE LOS ANGELES GONZALEZ         DATE
DE HERNANDEZ

By: _____   8/21/2019
JANE W. MOSCOWITZ, ESQ.               DATE
NORMAN A. MOSCOWITZ, ESQ.
Attorneys for Maria de los Angeles
Gonzalzez de Hernandez
Moscowitz & Moscowitz P.A.
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

JORGE HERNANDEZ GONZALEZ

By: _____  8/21/2019
JORGE HERNANDEZ GONZALEZ            DATE

By: _____  8/22/2019
ANDRES RIVERO, ESQ.                  DATE
Attorney for Jorge Hernandez Gonzalez
Rivero Mestre LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134

CARTAGENA INTERNATIONAL, INC.

By: _____  08/21/2019
MARIA DE LOS ANGELES GONZALEZ        DATE
DE HERNANDEZ, on behalf of Cartagena
International, Inc.

By: _____  8/21/2019
JORGE HERNANDEZ GONZALEZ, on         DATE
behalf of Cartagena International, Inc.

By: _____  8/21/2019
JANE W. MOSCOWITZ, ESQ.              DATE
NORMAN A. MOSCOWITZ, ESQ.
Attorneys for Cartagena International, Inc.
Moscowitz & Moscowitz P.A.
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

ERNESTO LUJAN

By: _____  _____
    ERNESTO LUJAN                    DATE

By: *[signature]*                    8/28/19
    ALFRED U. PAVLIS, ESQ.           DATE
    MICHAEL ENGLISH, ESQ.
    Attorney for Ernesto Lujan
    Finn Dixon & Herling LLP
    6 Landmark Square
    Stamford, CT 06901

CASTILLA HOLDINGS, S.A.

By: _____  _____
    ERNESTO LUJAN, on behalf of      DATE
    Castilla Holdings, S.A.

By: *[signature]*                    8/28/19
    ALFRED U. PAVLIS, ESQ.           DATE
    MICHAEL ENGLISH, ESQ.
    Attorney for Castilla Holdings, S.A.
    Finn Dixon & Herling LLP
    6 Landmark Square
    Stamford, CT 06901

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

ERNESTO LUJAN

By: _____/s/ Ernesto Lujan_____  8-27-2019
ERNESTO LUJAN                        DATE

By: _____  _____
ALFRED U. PAVLIS, ESQ.              DATE
MICHAEL ENGLISH, ESQ.
Attorney for Ernesto Lujan
Finn Dixon & Herling LLP
6 Landmark Square
Stamford, CT 06901

CASTILLA HOLDINGS, S.A.

By: _____/s/ Ernesto Lujan_____  8-27-2019
ERNESTO LUJAN, on behalf of          DATE
Castilla Holdings, S.A.

By: _____  _____
ALFRED U. PAVLIS, ESQ.              DATE
MICHAEL ENGLISH, ESQ.
Attorney for Castilla Holdings, S.A.
Finn Dixon & Herling LLP
6 Landmark Square
Stamford, CT 06901

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

12

JOSE ALEJANDRO HURTADO

By: _____  09/03/19
JOSE ALEJANDRO HURTADO            DATE

By: _____  09/03/19
FRANK A. RUBINO, ESQ.              DATE
Attorney for Jose Alejandro Hurtado
Frank A. Rubino, Esq., P.A.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134

HAS ICON REALTY, LLC

By: _____  09/03/19
JOSE ALEJANDRO HURTADO, on         DATE
behalf of HAS Icon Realty, LLC

By: _____  09/03/19
FRANK A. RUBINO, ESQ.              DATE
Attorney for HAS Icon Realty, LLC
Frank A. Rubino, Esq., P.A.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134

SHA THE POINT LLC

By: _____  09/03/19
JOSE ALEJANDRO HURTADO, on         DATE
behalf of SHA The Point LLC

By: _____  09/03/19
FRANK A. RUBINO, ESQ.              DATE
Attorney for SHA The Point LLC
Frank A. Rubino, Esq., P.A.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

HAYDEE PABON

By: /s/ Haydee Pabon  
HAYDEE PABON

9·03·2019  
DATE

By: /s/ Frank A. Rubino  
FRANK A. RUBINO, ESQ.  
Attorney for Haydee Pabon  
Frank A. Rubino, Esq., P.A.  
550 Biltmore Way, Suite 780  
Coral Gables, Florida 33134

09/03/19  
DATE

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]

14

TOMAS ALBERTO CLARKE BETHANCOURT

By: _____   9-23-2019
TOMAS ALBERTO CLARKE BETHANCOURT         DATE

By: _____   09-23-2019
HENRY P. BELL, ESQ.                       DATE
Attorney for Tomas Alberto Clarke Bethancourt
Bell Rosquete Reyes
999 Ponce de Leon Boulevard. Suite 1120 PH
Coral Gables, FL 33134

ETC INVESTMENTS, S.A.

By: _____   9/23/2019
TOMAS ALBERTO CLARKE BETHANCOURT,         DATE
on behalf of ETC Investments, S.A.

By: _____   09/23/2019
HENRY P. BELL, ESQ.                       DATE
Attorney for ETC Investments, S.A.
Bell Rosquete Reyes
999 Ponce de Leon Boulevard. Suite 1120 PH
Coral Gables, FL 33134

SO ORDERED:

_____   9/4/19
HONORABLE WILLIAM H. PAULEY III       DATE
UNITED STATES DISTRICT JUDGE

15